UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| FRANCISCO PROVENCIO, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § | JURY TRIAL DEMANDED |
| ENDURANCE ROUSTABOUT LLC, | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Francisco Provencio (referred to as "Plaintiff" or "Provencio") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Endurance Roustabout LLC (referred to as "Defendant" or "Endurance Roustabout"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Provencio's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its

humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Endurance Roustabout violated the FLSA by employing Provencio and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Endurance Roustabout violated the FLSA by failing to maintain accurate time and pay records for Provencio and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Provencio brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Endurance Roustabout resides in the Midland-Odessa Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Provencio's claims occurred in the Midland-Odessa Division of the Western District of Texas.

### III. Parties

8. Francisco Provencio is an individual who resides in Midland County, Texas and who was employed by Endurance Roustabout during the last three years.

9. Endurance Roustabout LLC is a Texas limited liability company that may be served with process by serving its registered agent: United States Corporation Agents, Inc., at 9900 Spectrum Drive, Austin, Texas 78717. Alternatively, if the registered agent of Endurance Roustabout LLC cannot with reasonable diligence be found at the company's registered office, Endurance Roustabout LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Endurance Roustabout committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Endurance Roustabout or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11. Endurance Roustabout provides a variety of services (including, backhoe services, steamer rentals, welding services, sandblasting, etc.) to customers in the oilfield industry; it does business in the territorial jurisdiction of this Court.

12. Endurance Roustabout employed Provencio as a tool pusher from July 2013 to June 2016.

13. During Provencio's employment with Endurance Roustabout, he was engaged in commerce or the production of goods for commerce.

14. During Provencio's employment with Endurance Roustabout, the company had employees engaged in commerce or in the production of goods for commerce.

15. During Provencio's employment with Endurance Roustabout, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

16. During Provencio's employment with Endurance Roustabout, the company had an annual gross volume of sales made or business done of at least $500,000.

17. Endurance Roustabout paid Provencio on an hourly basis.

18. During Provencio's employment with Endurance Roustabout, he regularly worked in excess of forty hours per week.

19. Endurance Roustabout knew or reasonably should have known that Provencio worked in excess of forty hours per week.

20. Endurance Roustabout did not pay Provencio overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

21. Specifically, Endurance Roustabout refused to pay Provencio for compensable wait and travel time. *See*, 29 C.F.R. §§ 778.14-17 (wait time compensable where employee is engaged to wait); 29 C.F.R. § 785.38 (travel time compensable where it is all in the day's work).

22. As a result of Endurance Roustabout's failure to pay Provencio for compensable wait and travel time, he did not receive overtime at a rate not less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

23. Endurance Roustabout knew or reasonably should have known that Provencio was not exempt from the overtime provisions of the FLSA.

24. Endurance Roustabout failed to maintain accurate time and pay records for Provencio as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

25. Endurance Roustabout knew or showed a reckless disregard for whether its pay practices violated the FLSA.

26. Endurance Roustabout is liable to Provencio for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

27. All assistant tool pushers and other hourly workers employed by Endurance Roustabout are similarly situated to Provencio because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages,

liquidated damages and attorneys' fees and costs from Endurance Roustabout pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

28. Provencio adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

29. During Provencio's employment with Endurance Roustabout, he was a nonexempt employee.

30. As a nonexempt employee, Endurance Roustabout was legally obligated to pay Provencio "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

31. Endurance Roustabout did not pay Provencio overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

32. Specifically, Endurance Roustabout refused to pay Provencio for compensable wait and travel time. *See*, 29 C.F.R. §§ 778.14-17 (wait time compensable where employee is engaged to wait); 29 C.F.R. § 785.38 (travel time compensable where it is all in the day's work).

33. As a result of Endurance Roustabout's failure to pay Provencio for compensable wait and travel time, he did not receive overtime at a rate not less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

34. If Endurance Roustabout classified Provencio as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

35. Endurance Roustabout knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Endurance Roustabout willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

36. Provencio adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

37. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

38. In addition to the pay violations of the FLSA described above, Endurance Roustabout also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

39. Provencio adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

40. On information and belief, other employees have been victimized by Endurance Roustabout's violations of the FLSA identified above.

41. These employees are similarly situated to Provencio because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

42. Endurance Roustabout's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

43. Since, on information and belief, Provencio's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

44. All employees of Endurance Roustabout, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All tool pushers or other hourly workers employed by Endurance Roustabout during the last three years.

45. Endurance Roustabout is liable to Provencio and the other tool pushers and hourly workers for the difference between what it actually paid them and what it was legally obligated to pay them.

46. Because Endurance Roustabout knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Provencio and the tool pushers and hourly workers their unpaid overtime wages for at least the last three years.

47. Endurance Roustabout is liable to Provencio and the tool pushers and hourly workers in an amount equal to their unpaid overtime wages as liquidated damages.

48. Endurance Roustabout is liable to Provencio and the tool pushers and hourly workers for their reasonable attorneys' fees and costs.

49. Provencio has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

50. Provencio demands a trial by jury.

## IX. Prayer

51. Provencio prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Provencio and the other tool pushers and hourly workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

e. incentive awards for any class representative(s); and

f. all such other and further relief to which Provencio and the other tool pushers and hourly workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF FRANCISCO PROVENCIO**